### SLEICHER et al. v. GROGAN et al.

(Supreme Court, Appellate Division, Third Department. September 6, 1899.)

INJUNCTION PENDENTE LITE.

> Where it does not appear, at the time an action is commenced to enjoin defendants from interfering with plaintiff's business, that the acts complained of are present continuing acts, or that there are any threats or indications of their continuance, and where the last act which constituted an interference with plaintiff's business was committed three months or more before the commencement of the action, an injunction pendente lite should not be granted.

Appeal from special term, Albany county.

Action by William Sleicher, Jr., and others against James Grogan, as president of Iron Moulders Union No. 2, and others, for a final injunction restraining defendants from interfering with their business. From an order continuing an injunction granted pendente lite, defendants appeal.      Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Dyer & Ten Eyck, for appellants Wm. McKinney and others.

Thomas S. Fagan, for appellants James A. Grogan and others.

Edward L. Nugent, for appellants Thomas Ryan and others.

H. O. Ingalls, for respondents.

HERRICK, J.      This is an appeal from an order continuing an injunction granted pendente lite.      The complaint was sworn to December 5, 1898.      It recites the inauguration of a strike on or about October 11, 1897, and it sets forth various acts of violence and intimidation upon the part of the defendants, and the picketing and patrolling of the plaintiffs' premises by the defendants, whereby workingmen desirous of employment in the plaintiffs' establishment, and customers seeking access thereto, were intimidated, deterred, and prevented from fulfilling their desires.      The complaint alleges that such patrolling and picketing continued from on or about the 11th day of October, 1897, until the commencement of this action.      The only other acts alleged in the complaint as having been done were done in the year 1897.      In the affidavit of the plaintiffs used to obtain the order of injunction pendente lite, and in support of the allegations of the

complaint, various acts of violence and intimidation are set forth. The last act of violence is alleged to have occurred on the 12th day of September, 1898, and the last act of intimidation is inferentially alleged to have occurred on or about the 2d day of December, 1898, but the exhibit therein referred to as substantiating that charge shows that the act of intimidation referred to—being a visit to one of the plaintiffs' customers by a so-called "strikers' committee"—took place about the 1st of August, 1898. There is nothing, then, to indicate to us that at the time this action was commenced the acts complained of were present, continuing acts, or that there were any threats or indications of their continuance or perpetration in the future; and, so far as the evidence shows, the last act upon the part of the defendants which would constitute an interference with the plaintiffs' business was committed in the month of August, 1898; and, in the absence of any recent manifestation of violence or intimidation, or any evidence of their present existence or future perpetration, I do not think that an injunction pendente lite should be granted. An injunction should only be granted to restrain present illegal or injurious acts, or their threatened or anticipated future perpetration. The order appealed from should be reversed, and the injunction vacated, without prejudice, however, to the rights of the plaintiffs to renew their motion for an injunction if the defendants at any time during the pendency of this action interfere with the plaintiffs' business, or do any of the acts or things they were restrained from doing in the injunction hereby vacated. All concur.

Order reversed, without prejudice, with $10 costs and disbursements.